**Order entered April 24, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00219-CR

**ANDREW SCOTT LOTT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1240454-M**

## ORDER

The Court has before it appellant's "supplemental brief concerning absence of plea paperwork with related motions and motion for abatement for findings concerning bond conditions." Previously, appellant requested the Dallas County District Clerk to file a record that included all motions, pleadings, exhibits and documents in this case. The District Clerk filed a clerk's record on June 12, 2013, and three supplemental clerk's records on January 8, 2014, January 21, 2014, and March 19, 2014. A reporter's record was filed on October 3, 2013, and a supplemental reporter's record was filed on January 14, 2014.

Appellant complains that the trial court references "plea papers" before beginning voir dire, and that reference to plea papers is ambiguous and should be clarified. The reporter's record contains a judicial confession and the clerk's record contains an application for probation.

Appellant further asserts a hearing outside the jury's presence was held where the State alleged appellant violated the conditions of his bond. There are no written conditions of bond in the appellate record. Although the District Clerk certified there were no bond conditions filed in that office, there may be evidence that such conditions were filed.

We **GRANT** appellant's April 13, 2014 motion for abatement for findings concerning bond conditions and related motions as follows:

We **ORDER** the trial court to make findings regarding the plea papers and the bond conditions. The reporter's record indicates the trial court accepted "paperwork…signed by both yourself and your attorney indicating that you wish to enter a plea of guilty to this charge." However, the clerk's record contains a "judicial confession" and an "application for probation in jury trial."

We **ORDER** the trial court to conduct a hearing to determine whether plea papers referenced in the pretrial proceedings are available. If the court finds there were additional plea papers, it should determine whether the record can be supplemented. If the record cannot be supplemented, it should determine whether appellant is at fault for the loss or destruction of the record and whether the parties can agree on a substituted record.

We **ORDER** the trial court to conduct a hearing to determine whether there were written bond conditions and, if so, whether the record can be supplemented. If the record cannot be supplemented, it should determine whether appellant is at fault for the loss or destruction of the record and whether the parties can agree on a substituted record.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **THIRTY (30) DAYS** from the date of this order.

This appeal is **ABATED** to allow the trial court to comply with the above order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/      LANA MYERS
            JUSTICE